**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 3:97-CR-257-G(3) |
| | ) | (3:05-CV-1380-G) |
| **JUANA ESPINOZA, # 30901-077,** | ) | |
| Defendant/Movant. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a motion to vacate, set aside, or correct sentence filed by a federal prisoner pursuant to 28 U.S.C. § 2255.[1]

Parties: Movant is an inmate in the federal prison system. She is presently incarcerated at the Federal Medical Center Carswell in Fort Worth, Texas. No process has been issued in this case.

---

[1] Movant initially filed this action in the Fort Worth Division of the Northern District of Texas as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, 2242, and 2243. Espinoza v. Van Buren, 4:05cv420-A (N.D. Tex., Fort Worth Div.). By order filed July 8, 2005, the District Court construed the petition as a motion to vacate sentence under § 2255 because it sought "to collaterally attack her federal conviction and sentence" under Booker, and transferred the same to the sentencing court in the Dallas Division. Id.

Statement of the Case: On August 6, 1997, Movant and twenty-one other defendants were indicted for conspiracy to possess with intent to distribute a controlled substance in violation of 21 U.S.C. § 865; distribution or possession with the intent to distribute a controlled substance in violation of 21 U.S.C. § 841; use of a telephone to facilitate the distribution of a controlled substance, in violation of 21 U.S.C. § 843; and use of a minor to facilitate the distribution of a controlled substance, in violation of 21 U.S.C. § 861.

On March 10, 1998, Movant pled guilty to count 1 of the indictment, the conspiracy count. The remaining counts were subsequently dismissed on the government's motion. On July 28, 1998, the District Court assessed punishment at 200 months imprisonment and a five-year term of supervised release. Movant did not appeal her conviction and sentence.

She filed two previous § 2255 motions. The first one, filed on February 26, 1999, alleged a breach of the plea agreement by the government, and ineffective assistance of counsel. United States Espinoza, 3:99cv0419-G (N.D. Tex.). The District Court adopted the recommendation of the magistrate judge and denied the motion on February 16, 2000. Movant did not appeal. The second § 2255 motion, filed on November 19, 2004, asserted ineffective assistance of counsel during the plea proceedings and at sentencing, denial of the right to file a direct appeal, and improper enhancement of the sentence under Blakely v. Washington, ___ U.S. ___, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). See United States v. Espinoza, 3:04cv2502-G (N.D. Tex.). On December 15, 2004, the District Court adopted the findings and recommendation of the magistrate judge, and dismissed the § 2255 motion without prejudice as successive pending review by a three-judge panel of the Court of Appeals. Although Movant appealed, the Fifth Circuit dismissed the appeal for want of prosecution. See No. 05-10081.

2

In this third § 2255 motion, filed on June 29, 2005, Movant challenges her sentence on the basis of the Supreme Court's recent decision in United States v. Booker, ___ U.S. ___, 125 S.Ct. 738, 756, 160 L.Ed.2d 621 (2005).

Findings and Conclusions:  28 U.S.C. § 2244(b)(3)(A) and 28 U.S.C. § 2255 ¶ 8, as amended by the Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996, provide that a second or successive motion filed by a person attacking a sentence under § 2255 must be certified by a panel of the appropriate court of appeals before it can be heard in the district court. See In re Epps, 127 F.3d 364 (5th Cir. 1997); see also In re Tolliver, 97 F.3d 89, 90 (5th Cir. 1996) (addressing a similar provision applicable to second or successive motions pursuant to 28 U.S.C. § 2255).

Since Movant filed a previous motion under § 2255, which was denied, this court lacks jurisdiction to consider the present § 2255 motion unless leave to file the same is granted by the United States Court of Appeals for the Fifth Circuit.  See Hooker v. Sivley, 187 F.3d 680, 682 (5th Cir. 1999); United States v. Key, 205 F.3d 773, 774 (5th Cir. 2000).  Therefore, this § 2255 motion should be dismissed for want of jurisdiction.  Such a dismissal, however, is without prejudice to Movant's right to file a motion for leave to file a second or successive § 2255 motion in the United States Court of Appeals for the Fifth Circuit pursuant to § 2244(b)(3)(A). See In re Epps, 127 F.3d at 364 (setting out the requirements for filing a motion for authorization to file a successive habeas petition in the Fifth Circuit Court of Appeals).[2]

---

[2]     To obtain the requested authorization to file a successive § 2255 motion, a Movant must show that the motion is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the

3

RECOMMENDATION:

For the foregoing reasons it is recommended that Movant's motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255 be dismissed for want of jurisdiction, but without prejudice to Movant's right to file a motion for leave to file a second or successive § 2255 motion in the United States Court of Appeals for the Fifth Circuit pursuant to 28 U.S.C. §§ 2244(b)(3)(A) and 2255.

The clerk will mail a copy of this recommendation to Movant.

Signed this 20th day of July, 2005.

_Wm. F. Sanderson, Jr._

WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law

---

Supreme Court, that was previously unavailable.  28 U.S.C. § 2255.
   The Fifth Circuit recently denied a motion for leave to file a successive § 2255 motion raising a Booker claims.  See In re Elwood, 408 F.3d 211, 212-13 (5th Cir. 2005) (per curiam). In so ruling, the Fifth Circuit held that the United States Supreme Court did not make Booker retroactive to cases on collateral review for purposes of a successive motion under § 2255.  Id.

4

accepted by the district court.